# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Escobar, Jr., | No. CV-14-02140-TUC-DCB (BPV) |
| Petitioner, | **REPORT & RECOMMENDATION** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Petitioner Mark Anthony Escobar, Jr., has filed a *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. 1). Respondents have filed a Limited Answer (Doc. 14). Petitioner did not file a reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the District Court dismiss the Petition as procedurally defaulted.

**I.  FACTUAL & PROCEDURAL BACKGROUND**

Petitioner pled guilty in state court to manslaughter and burglary in the first degree. (Doc. 14 at 2 (citing Exh. A)). He was sentenced to concurrent, presumptive prison terms of 10.5 years for each offense. (*Id.* (citing Exh. B)). On October 29, 2010, Petitioner timely filed a Notice for Post-Conviction Relief. (*Id.* (citing Exh. C)).

During the PCR proceeding, Petitioner's appointed counsel, Stephen McCafferty, informed the court that he found no colorable claim to present, and Petitioner

subsequently filed a *pro se* motion describing himself as mentally ill and requesting new counsel. (*Id.* (citing Exhs. D, E, F)). The trial court appointed Ken Sanders as new counsel and stated that Petitioner's *pro se* motion would be considered as part of his Notice for Post-Conviction Relief. (Doc. 14, Exh. G).

Thereafter, Petitioner, through counsel Sanders, filed a timely PCR Petition ("First PCR Petition") in which he asserted that: (1) the trial court erred in finding him competent to accept the plea, which resulted in denial of due process; and (2) trial counsel was ineffective by failing to have Petitioner's competency assessed prior to entry of the guilty plea. (Doc. 14, Exh. H). The trial court subsequently denied relief without holding an evidentiary hearing. (Doc. 14, Exh. M).

Three months later, Petitioner filed a second PCR Notice in which he alleged ineffective assistance of PCR counsel McCafferty and Sanders. ("Second PCR Proceeding") (Doc. 14, Exh. N). Petitioner's appointed counsel for this proceeding, Harold Higgins, notified the court that he had a conflict and the court then appointed Brick Storts. (Doc. 14, Exhs. O, P, Q). Counsel Storts notified the court that he found no colorable claim to present, but upon noticing that Petitioner had not timely filed a petition for review of the trial court's ruling on Petitioner's First PCR Petition, requested permission, and was granted leave, to file a delayed petition for review with regard to the First PCR Petition. (Doc. 14, Exhs. S, U). Thereafter, Petitioner, through counsel Storts, filed a Petition for Review in which he alleged the same claims that had been raised in the First PCR Petition, and he argued that the state court erred in not holding an evidentiary hearing on the claims. (Doc. 14 at 3, (citing Exh. V)). In response, the State maintained its position that Petitioner was not entitled to relief on the merits, but conceded that Petitioner should have received an evidentiary hearing. (Doc. 14, Exh. W). On July 2, 2014, the Court of Appeals granted review and also granted relief in part by remanding the case to the trial court for reconsideration of Petitioner's due process claim and an evidentiary hearing on his claim of ineffective assistance of counsel. (Doc. 14, Exh. X).

1   Meanwhile, before the Arizona Court of Appeals issued its July 2014 ruling,
2  Petitioner filed a *pro se* PCR Petition on December 4, 2013 ("Third PCR Petition") in
3  which he alleged several new claims as a well as a claim of ineffective assistance of
4  counsel. (Doc. 14 at 3 & Exh. Y). "The handwritten petition was largely illegible, but
5  the trial court summed up the claims as follows: 'his sentence was unconstitutional, his
6  arrest was unconstitutional, his interrogation by police was in violation of his rights under
7  the $5^{[th]}$ and 14th [a]mendments, his [d]ue [p]rocess rights during trial were violated, his
8  trial was unjustly delayed in violation of his 6th amendment rights, and prosecutorial
9  misconduct tainted his case.'" (Doc. 14 (quoting Exh. CC at 2)). On March 14, 2014,
10 the trial court summarily denied the petition, holding that the claims were precluded
11 under rule 32.2(a) of the Arizona Rules of Criminal Procedure because they: could have
12 been raised on direct appeal or on post-trial motion; were finally adjudicated on the
13 merits on appeal or in any previous collateral proceedings; or had been waived at trial, on
14 appeal, or in any previous collateral proceeding. (Doc. 14, Exh. CC).

15   On June 6, 2014, Petitioner filed the instant federal habeas action, which
16 Respondents concede is timely field. (Doc. 14 at 4). He raises the following claims: (1)
17 denial of "[d]ue [p]rocess of law under [t]he 4th Amendment…" resulting from unlawful
18 arrest (Ground One); (2) violation of the 5th and 14th Amendments by officers who
19 refused to stop questioning Petitioner causing Petitioner to make incriminating statements
20 (Ground Two); (3) violation of the 6th Amendment resulting from the prosecutor delaying
21 trial and defense counsel failing to object (Ground Three); (4) prosecutorial misconduct
22 resulting in denial of due process under the 14th Amendment (Ground Four); (5)
23 ineffective assistance of counsel resulting from counsel permitting Petitioner to enter a
24 guilty plea before the trial court ruled on a pending motion to suppress (Ground Five); (6)
25 denial of due process when Petitioner was booked into jail "without ever being advised of
26 his…right to a post booking phone call…" (Ground Six); and (7) he was sentenced in
27 violation of law because his plea was entered under duress (Ground Seven). (Doc. 1)

28   Soon after filing his federal Petition, Petitioner requested this Court to stay the

1  federal proceeding because "issues filed with the Arizona Court of appeals" had not been
2  completely settled.  (Doc. 5).  The Court denied the motion without prejudice because the
3  Court could not ascertain from Petitioner's filings what was pending before the appellate
4  court or whether his claims had been exhausted.  (Doc. 7).  Thereafter, Respondents
5  informed the Court that Petitioner's First and Third PCR Petitions contained the same
6  ineffective assistance of counsel claim that he raised in Ground Five of the instant federal
7  Petition and that, after Petitioner filed the federal Petition, the state appellate court
8  remanded the claim to the trial court for a hearing.  (Doc. 11).  Based on this information,
9  Respondents requested that this Court stay these proceedings until the claim was resolved
10 in state court.  (*Id.*).  This Court granted Respondents' motion to stay and directed
11 Respondents to inform the Court of the outcome of the issues pending in state court.
12 (Doc. 12).  This Court also directed Respondents to file an answer to the federal Petition
13 no later than 60 days from the filing of the trial court's ruling if Petitioner failed to timely
14 seek review from such ruling.[1]  (*Id.*).

15     In compliance with this Court's order, Respondents informed the Court on
16 October 21, 2014 that the evidentiary had been held on October 13, 2014, and the trial
17 court had issued its ruling on that same date.  (Doc. 13).  "At the hearing, [Petitioner],
18 represented by counsel, withdrew his first PCR petition. . . .After discussing the decision
19 with [Petitioner] and counsel, the trial court found that [Petitioner] understood 'the nature
20 of withdrawing' the petition and ordered it withdrawn."  (Doc. 14 at 4 (quoting Doc. 13)).

---

[1] The Court specifically ordered Respondents to notify this Court, in writing, within 14 days of the filing of the trial court's ruling on the First PCR Petition, of the outcome of the ruling.  (Doc. 12 at 2).  The Court also ordered:

> If Petitioner seeks further review Respondents shall notify this court within 14 days of the filing of the state court's mandate.  [And that] . . . [e]ither the filing of the state court's mandate or the Petitioner's failure to seek review within thirty days after a denial of his PCR by the trial court will serve to automatically lift the stay granted in this order, and Respondents' answer will be due no later than sixty (60) days from the filing date of the trial court's disposition or, if a petition for review is filed, no later than thirty (30) days from the filing date of the mandate in state court.

(*Id.*).

- 4 -

Respondents next filed their Limited Answer to Petitioner's federal habeas Petition in which they argue that all of Petitioner's federal claims are procedurally defaulted. (Doc. 14). Petitioner did not file a Reply.

## II. DISCUSSION

### A. STANDARD FOR EXHAUSTION AND PROCEDURAL DEFAULT

Because Petitioner's federal habeas petition was filed after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), 28 U.S.C. § 2254 ("§ 2254). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003).

Under the AEDPA, a writ of habeas corpus cannot be granted unless it appears that the petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509 (1982). To exhaust state court remedies, the petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 n. 3 (9th Cir.2005) (quoting *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999)).

A claim is fairly presented if the petitioner has described the operative facts and the federal legal theory on which his claim is based. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971). A petitioner must clearly alert the state court that he is alleging a specific federal constitutional violation. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004). He must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

In Arizona, there are two procedurally appropriate avenues for petitioners to

- 5 -

exhaust federal constitutional claims: direct appeal and PCR proceedings. Rule 32 of the Arizona Rules of Criminal Procedure governs PCR proceedings and provides that a petitioner is precluded from relief on any claim that could have been raised on appeal or in a prior PCR petition. Ariz. R. Crim. P. 32.2(a)(3). The preclusive effect of Rule 32.2(a) may be avoided only if a claim falls within certain exceptions and the petitioner can justify his omission of the claim from a prior petition or his failure to present the claim in a timely manner. *See* Ariz. R. Crim. P. 32.1(d)–(h), 32.2(b), 32.4(a).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (explaining that the district court must consider whether the claim could be pursued by any presently available state remedy). Therefore, in the present case, if there are claims that were not raised previously in state court, the Court must determine whether Petitioner has state remedies currently available to him pursuant to Rule 32. *See Ortiz*, 149 F.3d at 931. If no remedies are currently available, Petitioner's claims are "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

If there are claims that were fairly presented in state court but found defaulted on state procedural grounds, such claims will be found procedurally defaulted in federal court so long as the state procedural bar was independent of federal law and adequate to warrant preclusion of federal review. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). It is well established that Arizona's preclusion rule is independent of federal law, *see Stewart v. Smith*, 536 U.S. 856, 860 (2002), and the Ninth Circuit has repeatedly determined that Arizona regularly and consistently applies its procedural default rules such that they are an adequate bar to federal review of a claim. *See Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir.), *cert. denied*, 135 S. Ct. 710 (2014) (Arizona's waiver rules are independent and

- 6 -

adequate bases for denying relief); *Ortiz*, 149 F.3d at 932 (Rule 32.2(a)(3) regularly followed and adequate); *Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997) (finding Arizona not "irregular" in application of procedural default rules); *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996) (same).

Nonetheless, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). As a general matter, however, the Court will not review the merits of a procedurally defaulted claim unless the petitioner demonstrates legitimate cause for his failure to exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

Generally, "cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *accord Coleman*, 501 U.S. at 753. "Prejudice" is actual harm resulting from the alleged constitutional error or violation. *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). To establish prejudice resulting from a procedural default, the petitioner bears the burden of showing not merely that the errors at his trial were possibly prejudicial, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension. *United States v. Frady*, 456 U.S. 152, 170 (1982).

A habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (citing *Schlup v. Delo*, 513 U.S. 298, 321(1995)). *See also Majoy v. Roe*, 296 F.3d 770, 776–777 (9th Cir. 2002) (analyzing this exception in a non-capital case). This exception to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Schlup*, 513 U.S. at 327. *See also Murray*, 477 U.S. at 496; *Cook*, 538 F.3d at 1028. "'To be credible, such

- 7 -

a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence—that was not presented at trial.'" *Cook*, 538 F.3d at 1028 (quoting *Schlup*, 513 U.S. at 324).

### B.  ANALYSIS

Respondents argue that "[e]very claim" raised in Petitioner's instant federal habeas Petition is procedurally defaulted because Petitioner failed to exhaust his state court remedies. (Doc. 14 at 7). Respondents point out that although "a subpart of [Petitioner's ineffective assistance of counsel claim]. . . in [Ground] Five was presented in his first PCR proceeding and raised in his [petition for review] to the Court of Appeals[,] the claim was remanded for an evidentiary hearing, at which [Petitioner] expressly withdrew the petition." (*Id.* (citing Doc. 13)). Petitioner's decision to withdraw the claim prevented the state court from resolving the issue. Moreover, Petitioner never again presented the claim to the Arizona Court of Appeals. Although Respondents acknowledge that the claims raised in the instant Petition were also raised in Petitioner's Third PCR Petition (Doc. 14 at 4), they point out that Petitioner did not seek appellate review of the trial court's denial of his Third PCR Petition.

Under these circumstances, Respondents are correct that Petitioner's failure to present to the Arizona Court of Appeals the claims he raises in his federal Petition results in the conclusion that Petitioner has failed to exhaust his state court remedies. *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . ,thereby alerting that court to the federal nature of the claim."). Further, Petitioner would no longer have a remedy if he returned to the Arizona courts to present the claims he raises here. Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure provides that a defendant is precluded from post-conviction relief on any ground that was waived in any previous collateral proceeding. Petitioner waived review of his ineffective assistance of counsel claim raised in his First PCR Petition by withdrawing that Petition in 2014 at the hearing on remand from the appellate court. Although he also raised the claim in his

- 8 -

Third PCR Petition filed in 2013, he failed to request appellate court review of the trial court's denial of his Third PCR Petition and the time has now passed to seek such review. *See* Ariz.R.Crim.P. 32.4(a); *see also Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir 2002) (a state post-conviction action is futile when it is time-barred). Nor do the claims qualify for any of the timeliness exceptions. See Ariz.R.Crim.P. 32.1(d)-(h). Thus, any additional petition would be subject to summary dismissal. *See State v. Rosario*, 195 Ariz. 264, 266, 987 P.2d 226, 228 (App. 1999); *State v. Jones,* 182 Ariz. 432, 897 P.2d 734 (App. 1995); *Moreno v. Gonzalez*, 192 Ariz. 131, 135, 962 P.2d 205, 209 (1998) (timeliness is a separate inquiry from preclusion).  On the instant record, Petitioner's claims raised in his federal habeas Petition are procedurally defaulted.[2] *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) ("[W]here a petitioner did not properly exhaust state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the petitioner's claim is procedurally defaulted.") (quoting *Coleman*, 501 U.S. at 735 n. 1 ); *Park v. California*, 202 F.3d 1146, 1150–51 (9th Cir. 2000) (federal habeas review is precluded where petitioner has not raised his claim in the state courts and the time for doing so has expired); *Parra v. Ryan*, No. 2014 WL 3747635 at *4 (D. Ariz. July 30, 2014) (same).

Petitioner has not argued or otherwise shown cause or prejudice to overcome the procedural default in this case.  Nor has he argued that a fundamental miscarriage of justice has occurred which would require this Court to address his claims on the merits. Accordingly, Petitioner's procedural default cannot be excused and the District Court

---

[2] Because these claims are procedurally defaulted pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure, this Court need not determine whether the claims are of "sufficient constitutional magnitude" to require a knowing, voluntary, and intelligent waiver. *See e.g. Cassett v. Stewart,* 406 F.3d 614 (9th Cir.2005). Moreover, the procedural timeliness bar of Rule 32.4(a) is clear, consistently applied, and well established. *Powell v. Lambert,* 357 F.3d 871 (9th Cir. 2004); *see e.g.*, *Rosario,* 195 Ariz. 264, 987 P.2d 226 (where petitioner did not raise claims pursuant to Rule 32.1(d) through (g), the petition could be summarily dismissed if untimely); *Jones,* 182 Ariz. at 434, 897 P.2d at 736; *see also Wagner v. Stewart,* 2008 WL 169639, *9 (D.Ariz. Jan. 16, 2008).

should dismiss Petitioner's Petition for Writ of Habeas Corpus as procedurally defaulted.[3]

**III.    RECOMMENDATION**

For the foregoing reasons, the District Court, after its independent review, should dismiss Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) because the Petition is procedurally defaulted.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **FOURTEEN (14) DAYS** after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within **FOURTEEN (14) DAYS** after being served with a copy. Fed.R.Civ.P. 72(b)(2).  No replies to objections shall be filed unless leave is granted from the District Court to do so.  If objections are filed, the parties should use the following case number: **CV 14-2140-TUC-DCB**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to review.

Dated this 7th day of June, 2016.

_____
Bernardo P. Velasco
United States Magistrate Judge

---

[3] In addition to arguing that Petitioner's Petition is procedurally defaulted, Respondents also argue that Petitioner waived his federal claims by pleading guilty. (Doc. 14 at 10–11).  Because Petitioner's claims should be dismissed as procedurally defaulted, the Court need not address this alternative argument.

- 10 -