IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Escobar, Jr., | CV-14-02140-TUC-DCB (BPV) |
| Petitioner, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter was referred to Magistrate Judge Bernardo P. Velasco on June 25, 2014, pursuant to Rules of Practice for the United States District Court, District of Arizona Rule (Civil) 72.1(a). On June 8, 2016, Magistrate Judge Velasco issued a Report and Recommendation (R&R). (Doc. 15). He recommends that the District Court dismiss the Petition for a Writ of Habeas Corpus as procedurally defaulted. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and denies the Petition for Writ of Habeas Corpus.

**STANDARD OF REVIEW**

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. §636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. §636(b)(1). When the parties object to an R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. §636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (*en banc*).

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that they had 14 days to file written objections. 28 U.S.C. §636(b), *see also*, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). <u>To date, no objections have been filed.</u>

/////

**REPORT & RECOMMENDATION**

The Honorable Bernardo P. Velasco, United States Magistrate Judge, considered the correct standard for exhaustion and procedural default for a federal habeas petition. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus cannot be granted unless it appears that the petitioner has exhausted all available state court remedies. 28 U.S.C. §2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509 (1982). Petitioner failed to present to the Arizona Court of Appeals the claims he raises in his federal Petition and therefore has failed to exhaust his state court remedies. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim."). Furthermore, Petitioner would no longer have a remedy if he returned to the Arizona courts to present the claims he raises here. Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure provides that a defendant is precluded from post-conviction relief on any ground that was waived in any previous collateral proceeding. Petitioner waived appellate review of his ineffective assistance of counsel claim raised in his first Post-Conviction Relief Petition by withdrawing that Petition in 2014 at the hearing on remand from the appellate court. Although he also raised the claim in his Third PCR Petition filed in 2013, he did not request appellate court review of the

/////

/////

trial court's denial of his Third PCR Petition and is now barred from doing so. *See* Ariz.R.Crim.P. 32.4(a); *see also Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) (a state post-conviction action is futile when it is time-barred). Therefore, any additional petitions would be subject to summary dismissal. *See State v. Rosario*, 195 Ariz. 264, 266, 987 P.2d 226, 228 (App. 1999); *State v. Jones*, 182 Ariz. 432, 897 P.2d 734 (App. 1995); *Moreno v. Gonzalez*, 192 Ariz. 131, 135, 962 P.2d 205, 209 (1998) (timeliness is a separate inquiry from preclusion). (R&R) (Doc. 15) at 8-9.)

Petitioner has not argued or otherwise shown cause or prejudice to overcome the procedural default in this case. Furthermore, Petitioner has not argued or otherwise shown that a fundamental miscarriage of justice has occurred which would require this Court to address his claims on the merits. *Id.* at 9.

Here, there are no objections and review has, therefore, been waived, but the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).

The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. §636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to

law). The Magistrate Judge properly applied the law of exhaustion and procedural default. The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. §636(b)(1).

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation (Doc. 15) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition (Doc. 1) is dismissed, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FUTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 27th day of July, 2016.

Honorable David C. Bury
United States District Judge